FILED IN OPEN COURT

**1-17-2017**

CLERK, U S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO.3:16-cr-112-J-32JBT

CHAD THEODORE DILLON
a/k/a "Cory," a/k/a "Cory Harris

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by A. Lee Bentley, III, United States Attorney for the Middle District of Florida, and the defendant, CHAD THEODORE DILLON, a/k/a "Cory," a/k/a "Cory Harris", and the attorney for the defendant, Maurice C. Grant, II, Esquire, mutually agree as follows:

## A.   Particularized Terms

1.   Counts Pleading To

The defendant shall enter a plea of guilty to Counts One and Five of the Indictment.   Count One charges the defendant with Coercion and Enticement of a Minor, in violation of 18 U.S.C. § 2422(b). Count Five charges the defendant with Attempted Coercion and Enticement of a Minor, in violation of 18 U.S.C. § 2422(b).

Defendant's Initials _____                        AF Approval _____

2.   <u>Minimum and Maximum Penalties</u>

Each of Counts One and Five are punishable by a mandatory minimum term of imprisonment of 10 years up to life imprisonment, a fine of $250,000, a term of supervised release of at least five years up to life, and a special assessment of $100.

With respect to each of Counts One and Five and pursuant to Title 18, United States Code, Section 3583(k), if the defendant is required to register under the Sex Offender Registration and Notification Act and commits any criminal felony offense under Title 18, United States Code, Chapters 109A, 110 or 117, or Sections 1201 or 1591, the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment of not less than 5 years and up to life.  Any other violation of the terms and conditions of supervised release is punishable by a term of imprisonment of up to 5 years.

With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense, or to the community, as set forth below.

Additionally, pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and

Defendant's Initials _____                2

other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and Nationality Act (exempting any individual involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter).

With consecutive terms of imprisonment on Counts One and Five, the punishment is not less than 20 years' imprisonment and not more than double life terms of imprisonment, a fine of $500,000, or both, a term of supervised release of not less than 5 years and up to life, and special assessments of $200. A violation of the terms and conditions of supervised release carries a maximum term of imprisonment of 10 years, or a term of imprisonment of not less than 10 years and up to life, depending on the nature of the violation as set forth above. Further, the Court shall order the defendant to make restitution to any victim of the offenses, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community. There may also be forfeiture with respect to these offenses.

3.    <u>Elements of the Offense</u>

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty.

The elements of Count One are:

Defendant's Initials ___GAD___                3

First:       The Defendant knowingly persuaded, induced, enticed, or coerced an individual to engage in sexual activity;

Second:      The Defendant used a facility of interstate commerce to do so;

Third:       When the Defendant did these acts, the individual described in the indictment was less than 18 years old; and

Fourth:      One or more of the individuals engaging in the sexual activity could have been charged with a criminal offense under the laws of Georgia.

The elements of Count Five are:

First:       The Defendant knowingly attempted to persuade, induce, entice, or coerce an individual to engage in sexual activity;

Second:      The Defendant used a facility of interstate commerce to do so;

Third:       When the Defendant did these acts, the individual described in the indictment was less than 18 years old; and

Fourth:      One or more of the individuals engaging in the sexual activity could have been charged with a criminal offense under the laws of Florida.

The elements of attempt are:

First:       That the Defendant knowingly intended to commit the crime of Coercion and Enticement of a Minor; and

Defendant's Initials ___QW___                4

<u>Second</u>:     The Defendant's intent was strongly corroborated by his taking a substantial step toward committing the crime.

4.   <u>Counts Dismissed</u>

At the time of sentencing, the remaining counts against the defendant, Counts Two through Four and Counts Six through Eleven, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

5.   <u>Mandatory Restitution to Victims of Offenses of Conviction</u>

Pursuant to 18 U.S.C. §§ 2259 and 3663A(a) and (b), defendant agrees to make full restitution to N.T. and M.C. for the amount of the victims' losses as determined by the Court. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

6.   <u>Acceptance of Responsibility - Three Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Defendant's Initials _____        5

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level.  The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

7.    Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 2428, whether in the possession or control of the United States, the defendant or defendant's nominees.

The assets to be forfeited specifically include, but are not limited to a 2006 Ford F150 extended cab XLT Flareside four-wheel-drive pickup truck, black in color, vehicle identification number 1FTPX04596KB85503, titled in the name of CHAD THEODORE DILLON, which asset was used in

Defendant's Initials _____            6

the commission of Count One, and the defendant consents to the filing of a motion by the United States for immediate entry of a Preliminary Order of Forfeiture.

In addition, the defendant agrees and consents to the administrative forfeiture of a Samsung Model S7 SM-G93OV cell phone seized from the defendant by the Federal Bureau of Investigation on July 20, 2016, which asset was used in the commission of Counts One and Five.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it

Defendant's Initials _____        7

is entered.   In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing.  The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.  The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.  The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing.  In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.  To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other

Defendant's Initials  _____  8

parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. The Defendant expressly consents to the forfeiture of any substitute assets sought by the Government. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

8.  Abandonment of Property

A Samsung Galaxy J36, Model SM-J320VPP cell phone, black in color, was seized from the defendant by the Federal Bureau of Investigation on August 3, 2016 at the time of his arrest. Should the Federal Bureau of Investigation initiate a formal administrative abandonment proceeding to title this property to the United States of America, the defendant hereby agrees that this Plea Agreement satisfies all such "noticing" requirements set forth in the

Defendant's Initials _____      10

Title 41, Code of Federal Regulations, Section 128-48.1. Accordingly, the defendant hereby acknowledges and agrees that no additional 'notice" need be provided inasmuch as this Plea Agreement satisfies all "noticing" requirements.

As part of the plea agreement in this case, defendant hereby states under penalty of perjury that he is the sole and rightful owner of the property listed in this paragraph, and that the defendant hereby voluntarily abandons all right and claim to and consents to the destruction of this property.

9.    Sex Offender Registration and Notification

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under

Defendant's Initials _____                    11

federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**B.**   **Standard Terms and Conditions**

    1.    <u>Restitution, Special Assessment and Fine</u>

        The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement.  The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (18 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.  On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013.  The special assessment is due on the date of sentencing.  The defendant understands that this agreement imposes no limitation as to fine.

Defendant's Initials   <u>       </u>          12

2. <u>Supervised Release</u>

The defendant understands that the offense to which the defendant is pleading provides for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3. <u>Immigration Consequences of Pleading Guilty</u>

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4. <u>Sentencing Information</u>

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Defendant's Initials _____          13

5.    <u>Financial Disclosures</u>

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition.  The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party.  The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years.   The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.   The defendant expressly authorizes the United States Attorney's Office to obtain

Defendant's Initials  _____          14

current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.      Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement.  The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office.   The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office.  Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement.  The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.      Defendant's Waiver of Right to Appeal the Sentence

Defendant's Initials _____      15

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8. <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9. <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10. <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant

Defendant's Initials _____        17

waives or gives up those rights and there will be no trial.  The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement.  The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.   <u>Factual Basis</u>

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth

Defendant's Initials _____          18

in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

    12.   <u>Entire Agreement</u>

        This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

    13.   <u>Certification</u>

        The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this _____6th_____ day of __January__, 2016.7

                        A. LEE BENTLEY, III
                        United States Attorney

_____
CHAD THEODORE DILLON
Defendant

                        _____
                        KELLY S. KARASE
                        Assistant United States Attorney

_____
MAURICE C. GRANT, II
Attorney for Defendant

                        _____
                        MAC D. HEAVENER, III
                        Assistant United States Attorney
                        Deputy Chief, Jacksonville

Defendant's Initials _____      19

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                   CASE NO.3:16-cr-112-J-32JBT

CHAD THEODORE DILLON
  a/k/a "Cory," a/k/a "Cory Harris

## PERSONALIZATION OF ELEMENTS

COUNT ONE:

1. Do you admit that on or about July 6, 2016, in Duval County, Florida, in the Middle District of Florida, and elsewhere you persuaded, induced, enticed, or coerced an individual to engage in sexual activity?

2. Do you admit that you used a facility of interstate commerce to do so?

3. Do you admit that the individual described in the indictment was less than 18 years old?

4. Do you admit that by engaging in this sexual activity you could have been charged with a criminal offense under the laws of Georgia?

Defendant's Initials _____                    AF Approval _____

COUNT FIVE:

1. Do you admit that between on or about July 12, 2016, and on or about July 14, 2016, in Duval County, Florida, in the Middle District of Florida, you attempted to persuade, induce, entice, or coerce an individual to engage in sexual activity?

2. Do you admit that you used a facility of interstate commerce to do so?

3. Do you admit that the individual described in the indictment was less than 18 years old?

4. Do you admit that by engaging in this sexual activity you could have been charged with a criminal offense under the laws of Florida?

5. Do you admit that you knowingly intended to commit the crime of Coercion and Enticement of a Minor?

6. Do you admit that your intent was strongly corroborated by your taking a substantial step toward committing the crime?

Defendant's Initials                21

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                      CASE NO.3:16-cr-112-J-32JBT

CHAD THEODORE DILLON
a/k/a "Cory," a/k/a "Cory Harris

### FACTUAL BASIS

During April 2016, the Florida Department of Law Enforcement ("FDLE") conducted an undercover investigation to identify users of the Whisper app, who used the app to entice and sexually exploit children. On April 22, 2016, an FDLE undercover agent ("UC") published a Whisper post that read, "Being 13 and being alone is just no fun at all." Within a few minutes, he received a private message from Whisper user "Ice Whale," which read, "R u m or f?," which initiated a conversation between the UC and "Ice_Whale," later determined to be Defendant Chad Theodore Dillon. During the conversation, "Ice_Whale" repeatedly solicited the UC, who he believed to be a 13-year-old boy, for sexual acts, including oral and anal sex. Dillon also offered to have sex with the UC's 12-year-old "friend," who he believed to be sleeping over with the UC and claimed to have had sex with 12-year-olds a "couple times." Dillon provided his cellular telephone number to the UC and claimed his name was "Cory." He also advised that he would not use a condom during the sexual

Defendant's Initials _____                     AF Approval _____

encounter he planned with the 13-year-old child as it "[f]eels better without condom." Despite repeated conversation, Dillon declined to meet with the UC for the sexual encounter discussed.

FDLE determined that Dillon was Ice_Whale and located him in Jacksonville by his cellular telephone between May 25, 2016 and June 1, 2016. FDLE sought and obtained a search and seizure warrant for Dillon's cellular phone with phone number 850-499-2257, believed to be in the possession of Dillon.

On July 20, 2016, FDLE executed the search warrant at the Commercial Dive Academy, in Jacksonville, Florida, where agents determined Dillon was enrolled as a full-time student. FDLE agents seized Dillon's cellular telephone, a Samsung S7, Model SM-G930V, with phone number 850-499-2257, from him. The Samsung S7 telephone was manufactured in Korea.

The search of Dillon's Samsung S7 phone reveal instances where he persuaded, induced, solicited, enticed, coerced and traveled from Jacksonville, Florida, to Georgia, to have sex with a minor, Minor Victim 1, and another instance when he actively enticed a different child to produce pornography and to meet him for sex, although the second child, Minor Victim 2, declined. The communication with each child was via the Internet, using the Whisper app,

Defendant's Initials _____          23

the same application utilized by the FDLE UC when communicating with Dillon.

Conversation with Minor Victim 1 began late in the evening on or about July 5, 2016, with Dillon's response to a posting on Whisper, in which Dillon asked Victim 1, "[W]anna hook up?" Victim 1 informed Dillon that she was 16 years old, although she was actually 15 years old at the time. Dillon responded he was okay with that and requested Minor Victim 1 sneak away from her family to meet him for sex and advised of his intent to travel from Jacksonville to Georgia to a motel where Victim 1 was staying with her family. Dillon advised that his name was "Cory." Dillon advised that he would rent a room at the same motel for him and Victim 1. Dillon requested Victim 1 send him a topless photograph of herself and advised, "I'm headed ur way now." Dillon traveled from Jacksonville to Georgia in his black 2006 Ford F150 extended cab XLT Flareside four-wheel-drive pickup truck to have sex with Minor Victim 1. Approximately 20 minutes after advising that he was "headed [her] way," Dillon advised that he was at the motel and instructed Minor Victim 1 to "Go ahead and leave ur room." Dillon proceeded with renting a motel room in Kingsland, Georgia, and engaged in illegal sexual activity with Minor Victim 1 in the rented room. During the sexual encounter, Dillon took a photograph of his penis in Minor Victim 1's mouth with his Samsung S7 cellular telephone.

Defendant's Initials                           24

He then sent this photograph to Minor Victim 1 on the night of the illegal sexual activity and then again on July 13, 2016, when Dillon re-initiated contact with Minor Victim 1.

On or about July 12, 2016, Dillon began chatting with Minor Victim 2, a 16-year-old female, using the Whisper app on his Samsung S7 cellular telephone. Dillon asked Minor Victim 2 whether she liked older men and asked Minor Victim 2 if she was interested in losing her virginity. Dillon and Minor Victim 2 discussed that they were both in Jacksonville and were located just a few miles away from one another. During the online messaging, Dillon urged Minor Victim 2 to sneak out of her parents' house and meet with him. Dillon requested nude photographs of Minor Victim 2 and said, "I want to fuck u," to Minor Victim 2. He instructed Minor Victim 2 to send him a picture of "ur sexy n wet pussy" and requested the child's face to be visible in the picture as well. Dillon instructed Minor Victim 2 to send specific visual depictions of Minor Victim 2 engaging in sexually explicit conduct and received photographs of Minor Victim 2 per his instructions. Dillon told Minor Victim 2, "I really want u to sneak out so I can fuck u! Lol." Dillon asked "How old r u baby?," to which Minor Victim 2 responded, "16." He urged her, "We r so close to each other u wouldn't have to be gone long." He persisted, "Tell me ur address so I can cum pick u up. My cock is rock hard right now…just 4 u baby."

Defendant's Initials                     25