UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 3:16-cr-112-J-32JRK

CHAD THEODORE DILLON
 a/k/a "Cory," a/k/a "Cory Harris"

### UNITED STATES' CONSENT MOTION FOR ENTRY OF A PRELIMINARY ORDER OF FORFEITURE

The United States of America, pursuant to 18 U.S.C. § 2428 and Rules 32.2(b)(2) and (4) of the Federal Rules of Criminal Procedure, hereby moves for a Preliminary Order of Forfeiture for a 2006 Ford F150 extended cab XLT Flareside four-wheel-drive pickup truck, black in color, vehicle identification number 1FTPX04596KB85503 (Ford truck), which shall be final as to the defendant at the time it is entered. In support of its motion, the United States submits the following memorandum of law.

### MEMORANDUM OF LAW

**1. Statement of Facts**

1. The defendant was charged in a multi-count Indictment. Count One, which is pertinent to this motion, charged the defendant with Coercion and Enticement of a Minor, in violation of 18 U.S.C. § 2422(d). Doc. 19.

2. The Indictment contained forfeiture allegations putting the defendant on notice that, pursuant to the provisions of 18 U.S.C. § 2428, the United States would seek forfeiture of, *inter alia*, any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of the offense. *Id.* at 9.

3. On January 17, 2017, the defendant pled guilty to Count One of the Indictment before United States Magistrate Judge Joel B. Toomey, who recommended that the defendant's plea be accepted. Docs. 35, 36. On January 18, 2017, United States District Judge Marcia Morales Howard accepted the defendant's plea, adjudicated him guilty, and set the defendant's sentencing for April 18, 2017. Doc. 38.

4. In the Factual Basis of his Plea Agreement, the defendant admitted, among other things, that the Ford truck was used in the commission of Count One. Doc. 35 at 24.

5. In paragraph 7 of his Plea Agreement, the defendant agreed to forfeit all property subject to forfeiture pursuant to 18 U.S.C. § 2428.[1] *Id.*, p. 6. He specifically agreed to forfeit the Ford truck which was used in the commission of the offense charged in Count One, and consented to the filing

---

[1] In paragraph 8, the defendant agreed to the abandonment of the Samsung Galaxy J36, Model SM-J320VPP cell phone seized from him.

2

of a motion by the United States for immediate entry of a Preliminary Order of Forfeiture.  *Id.* at 7.

## II.     Applicable Law

The United States is entitled to criminally forfeit property pursuant to 18 U.S.C. § 2428 for violations of 18 U.S.C. § 2422.

Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure requires that as soon as practical after a verdict or finding of guilty on any count in an indictment or information for which criminal forfeiture is sought, the Court must determine what property is subject to forfeiture under the applicable statute.

Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure, provides that, when the government seeks to forfeit specific property, the Court must determine whether the government has established the requisite nexus between the property and the offense.  The defendant admitted that he used the Ford truck to traveled from Jacksonville to Georgia to meet with a minor to engage in sexual activity; thus, the Ford truck is subject to forfeiture.

## III.    Conclusion

For the reasons stated above, the United States requests that the Court enter a Preliminary Order of Forfeiture, subject to the provisions of 21 U.S.C. 853(n), forfeiting all right, title and interest of the defendant in the Ford truck to the United States.

The United States further requests that in accordance with his Plea Agreement, the order of forfeiture become final as to the defendant at the time it is entered.  Doc. 35, pp. 7, 8.

Upon issuance of the Preliminary Order of Forfeiture, the United States will provide written notice to all third parties known to have an alleged legal interest in the Ford truck and will publish notice on the internet at www.forfeiture.gov of its intent to forfeit the property.  Determining whether a third party has any interest in the Ford truck must be deferred until a third party files a claim in an ancillary proceeding under Rule 32.2(c).

As required by Rule 32.2(b)(4)(B), the United States further requests that the Court include the forfeiture when orally pronouncing the sentence and in the judgment the judgment.  *See* Fed. R. Crim. P. 32.2(b)(4)(B) and *United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000).

Because the Preliminary Order of Forfeiture forfeits only the defendant's interest in the Ford truck, the United States further requests that the Court retain jurisdiction to address any third party claim that may be

assessed in these proceedings, and to enter any further order necessary for the forfeiture and disposition of such property.

        Respectfully submitted,

        A. LEE BENTLEY, III
        United States Attorney


By:   *s/ Bonnie A. Glober*
        BONNIE A. GLOBER
        Assistant United States Attorney
        Florida Bar No. 0748307
        300 North Hogan Street, Suite 700
        Jacksonville, Florida 32202-4270
        Telephone: (904) 301-6300
        Facsimile: (904) 301-6310
        E-mail: bonnie.glober@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 9, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Maurice C. Grant, II, Assistant Federal Public Defender

                By:    *s/ Bonnie A. Glober*
                           BONNIE A. GLOBER
                           Assistant United States Attorney